Iglesia Católica, Apostólica y Romana de Puerto Rico, Diocese of San Juan, Plaintiff and Appellee, v. José Puig Morales et al., Defendants and Appellants.

No. 7526. Argued May 25, 1938.—Decided March 10, 1939.

*González Fagundo & González Jr.*, for appellant. *Arturo Aponte* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a petition for an injunction which was decided against the defendant. On December 21, 1932, the Catholic Roman Church of Puerto Rico, Diocese of San Juan, filed a petition for an injunction against José Puig Morales and Augusto Veve, Marshal of that court.

The petition alleged, in short:

1, that the plaintiff is a universal institution, acknowledged by the laws of Puerto Rico, with power to sue and be sued;

2, that since February 12, 1930, it is in possession and is the owner of the perpetual usufruct of a certain piece of land duly described;

3, that in February, 1930, defendant Puig filed a petition in injunction to recover the possession of a certain strip of land which was allegedly in the hands of Antonio Lorden, transcribing its description. The suit was filed under No. 14880;

4, that in said action Puig alleged that there was a cement floor on the lot in question, and that the lot was subject to an easement of drainage of water to the street

flowing from the roof, doors and windows of a house that belonged to him;

5, that the strip of land over which plaintiff alleges a perpetual usufruct, is included in the lot described and claimed by Puig in suit No. 14880;

6, that in the suit aforesaid the court rendered judgment against Lorden, which judgment is now final, and within that same suit Puig requested and obtained an order of reposses-sion, and that the other defendant, Marshal Veve, was digging the ground with some workers, tearing down walls and fences, and doing other acts in the land of the plaintiff, and

7, that said acts cause irreparable damages to the plaintiff, who has no adequate and speedy remedy at law.

He moved the court to issue the injunction prayed for enjoining the defendants from the commission of the acts aforesaid, before requiring him to furnish the bond to be fixed by the court.

On April 7, 1933, the plaintiff filed an amended complaint. The first, second and fourth paragraphs are similar to the first, second and seventh of the original one. The allegations concerning suit 14880 are eliminated as well as the Marshal as defendant, and the defendant Puig is charged with the commission of the following additional act of disturbance: ''throwing large quantities of sand and other debris from the lot into the churchyard, which belongs and has belonged for many years to the plaintiff.''

On May 18, 1933, the court dismissed defendant's opposition to the amended complaint, and gave him time to answer.

He demurred to the complaint on the grounds of want of facts sufficient to constitute a cause of action and ambiguity. The demurrers were overruled and he answered denying paragraphs two, three and four of the amended complaint, and alleging that he has been in possession of the lot described in the second paragraph long before February, 1930, which possession he and his predecessors in interest have had for over thirty years, until Antonio Lorden diseised them, where-

upon they filed suit No. 14880 to recover it, which was decided in their favor by the district court on June 10, 1930, and by the Supreme Court on July 22, 1932, and that under said judgment the land was returned to them and are at present enjoying it.

The case went to trial and the court decided it as follows:

"On this day, and on the grounds set forth in the 'Statement of the Case and Opinion' which appears attached to the record, judgment is rendered issuing a writ of injunction against the defendant, José Puig Morales, enjoining him in the future from the commission of any act which would tend to throw sand or other debris in the churchyard of the Catholic Church of Caguas, and ordering him to remove whatever waste he has thrown into said churchyard from the lot adjoining the aforesaid churchyard, of which lot he was given possession by this District Court; it also being ordered, that should he refuse to remove all that waste within five days after this judgment becomes final, it shall be removed at his expense, and he is also mulcted with the costs of this case."

Feeling aggrieved, the defendant appealed to this court assigning four errors in his brief that, in his opinion, had been committed by the trial court in allowing the amended complaint, in overruling the demurrers, in rendering judgment for plaintiff and in mulcting him with costs.

Arguing the first assignment of error, the appellant says:

"Our contention is that under section 139 of the Code of Civil Procedure of Puerto Rico, the complaint could not be amended because the original complaint was a petition in injunction under the Act of 1906, while the amended complaint was a petition for an injunction to recover possession, both of which are directly in conflict, because one is to settle the right of possession and the other the fact of possession."

In his opinion, the district judge spoke, in what is pertinent, as follows:

"We are of the opinion that this case deals with an injunction under the Act of 1906.

"We must decide only whether defendant José Puig Morales could, in executing a judgment that was rendered by this district

court in another suit prosecuted by him against Antonio Lorden, throw into the churchyard of the Catholic Church of Caguas, sand and other rubbish extracted from the strip of land of which he was granted possession by a judgment of this district court which was affirmed by the Supreme Court. 43 P.R.R. 840. That judgment ordered Antonio Lorden to relinquish the free enjoyment and possession of that portion of the land to the defendant herein.

.    .    .    .    .    .    .    .    .

"We have already decided not to consider one of the counts of the complaint, that is, the one that refers to the possession of the land described in the complaint. That point has been already decided. We shall limit this opinion to the obstruction in the manner stated."

The paramount fact in both complaints is the nuisance, and the right of action exercised in either of them is based on the same principle, section 277 of the Code of Civil Procedure, that provides:

"Section 277.—Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance and by the judgment the nuisance may be enjoined or abated as well as damages recovered."

Something was improperly alleged in both complaints, because it was *res judicata,* and that something considered by the lower court as a separate count, was set aside and impliedly dismissed. It merely took under consideration the allegations and proof pertinent to the cause of action that was finally considered well founded.

The procedure remained unchanged. He had ample opportunity to defend himself. The cases of *González Reyes* v. *González,* 43 P.R.R. 792 and *Echevarría* v. *Saurí,* 38 P.R.R. 661, cited by appellant, present a different set of facts. They are not applicable.

In our opinion, the first error was not committed. Nor the second one. It is maintained by it that the court erred in overruling the demurrers, and in discussing the error he insists on the same question previously raised in the first assignment, that is, injunction and injunction to recover possession.

Let us examine the third one. It is argued that the judgment rendered is against the law and the evidence.

Stating the grounds, the trial judge says in his opinion:

"The oral evidence of the plaintiff consisted of the testimony of several witnesses to the effect that due to their long stay in Caguas, they knew what is known as the churchyard of the Catholic Church and the condition it was in, as well as the fact that there were therein sand and rubbish thrown from the lot described in the complaint. Testimony was also offered as to the fact that grass or other decorating herbs were planted in said churchyard, and that the sand on the yard has been thrown from the alley, which is the strip of land described in the complaint. Several photographs were offered and admitted in evidence for the purpose of showing the churchyard as it was before the defendant did the acts described in the complaint."

Reference is made thereafter to the ocular inspection made by him and to the judgment he deems *res judicata* as to the possession of the strip of land where the defendant carried on the digging, and over which he claimed and attempted to prove a perpetual usufruct, and then weighing the evidence, he concludes:

". . . that the terms of the judgment of this district court, in the case that we have already referred to, do not authorize nor can they be understood to authorize said José Puig Morales to trespass into the land occupied by the yard of the Catholic Church of Caguas in the manner in which it has been effected. The trespass of the defendant clearly disturbs the use and enjoyment of plaintiff's property for itself, for its parishioners, for its priests and for the public at large, whom, with a right to do so, may pass or cross through said churchyard of the Catholic Church of Caguas freely, as they did before the commission of said acts. There is no doubt that every person has a legal and natural right to the free use of his property

and that every disturbance of said right should be prevented by the courts.

"... The defendant has had the opportunity to do the work intended to perform without committing any trespass, because the judgment rendered in the suit which gave him possession of the property described in the complaint does not authorize him to perform any acts which may tend to disturb or impair the free use and enjoyment by plaintiff of the churchyard of the Catholic Church, such as throwing large quantities of rubbish, sand, bricks and other debris thus damaging said churchyard, and obstructing plaintiff's free use of its churchyard."

We have examined the evidence and it supports the preceding conclusions, and thus the opinion of the judge as to the facts is amenable to law and equity.

As to the last assignment of error, the one that refers to the costs of the case, it will suffice to say that the law and the attendant circumstances justify the imposition. The fact that part of the complaint is dismissed does not preclude the imposition of costs.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.

---

### ON MOTION TO RECONSIDER
#### May 3, 1939.

The defendant-appellant prays us to reconsider the judgment rendered by this court, affirming that of the district court as to costs only.

"The fact that part of the complaint was dismissed does not prevent the imposition" of costs, we said in our opinion of last March. The appellant alleges that the correct doctrine is that "where a judgment grants to a defendant, as in the case at bar, a part or certain parts of what is claimed in the complaint, he should not be mulcted with costs," and as grounds for his averment he cites the following cases of

this very court: *Largé & Acevedo* v. *Fernández,* 38 P.R.R. 453; *Porto Rico Fertilizer Co.* v. *Roig,* 39 P.R.R. 237; *Morales* v. *Peña,* 40 P.R.R. 177; *García* v. *Ratera,* 40 P.R.R. 571; *Santos* v. *Fajardo Development Co.,* 44 P.R.R. 673; *Reguero* v. *Jiménez,* 44 P.R.R. 757; *Otero & Núñez* v. *Sucrs. de M. Pérez,* 46 P.R.R. ____; *Cruz* v. *White Star Bus Line, Inc.,* 46 P.R.R. ____, and *The Shell Co. (P.R.) Ltd.* v. *González,* 46 P.R.R. ____.

The cases cited do not support appellant's contention. In the first one, *Largé & Acevedo* v. *Fernández, supra,* the plaintiff claimed $691.50 and the court granted $286.50, with costs. The defendant-appellant argued that he had not been obstinate, and this court, in affirming the imposition of costs, spoke thus through Mr. Justice Aldrey:

"The appellant in her answer to the complaint made no proposal to pay a fixed amount to the appellee and the case had to be tried; therefore, we can not hold that the mere fact that the court, in the use of its discretion, reduced some of the items of the claim shows absence of temerity on the part of the defendant to be considered in imposing the costs." 38 P.R.R. 455.

As one may readily see, the case rather than favorable is damaging to the appellant. In the second case cited, *P. R. Fertilizer Co.* v. *Roig, supra,* the trial court exercised its discretion in the sense that it did not impose the costs to the defendant. And this court said through Mr. Justice Hutchison, affirming the judgment of the lower court:

"In the instant case defendant succeeded in reducing the amount of plaintiff's claim by approximately one-half, and it was in recognition of this fact, no doubt, that the judgment for plaintiff contained no pronouncement as to costs. In any event, there was no abuse of discretion, and we are not disposed to disturb the result." 39 P.R.R. 244.

Had the district court acted similarly in the case at bar, most likely we would not have interfered. The case cited, therefore, is not like the instant one.

In the third case cited, *Morales* v. *Peña, supra,* what led this court to the conclusion that there was no obstinacy, thus reversing the imposition of costs, was the existence of plausible opposite doctrines, which circumstance does not exist herein. The court, through Mr. Justice Texidor, spoke thus:

"As to the imposition of costs the trial judge doubtless concluded that the plaintiff had acted with obstinacy in bringing his action. We think that the judgment is erroneous in this particular. The opposing theories of the withholding of the purchase price and of the absolute obligation to pay it are debatable, and the act of contending for either theory can not be said to constitute obstinacy." 40 P.R.R. 182.

Nor is the fourth case cited—*García* v. *Ratera, supra*—favorable to the appellant. In the opinion of the court delivered by Mr. Justice Hutchison, it is said:

"If the defendant had served plaintiff with timely notice of her willingness to accept a judgment for the amount claimed in the first cause of action and already found to be due plaintiff, there would have been no necessity for a trial and no question of costs, unless imposed upon plaintiff in the event of an unsuccessful attempt to recover on two or more of the three causes of action. Defendant did not see fit to avail herself of this opportunity." 40 P.R.R. 577.

The fifth case—*Santos* v. *Fajardo, supra,*—is like the second one—*Porto Rico Fertilizer* v. *Roig, supra.* In the sixth one—*Reguero* v. *Jiménez, supra*—this court held that "where the amount sought to be recovered for medical services rendered is excessive, the refusal of the defendant to pay the same does not constitute obstinacy for the purpose of the imposition of costs." 44 P.R.R. 757.

In the opinion delivered by Mr. Justice Córdova Dávila to uphold a judgment for $400, it was said:

"With regard to the pronouncement of costs, the plaintiff testified that he sent a bill to the defendant fixing his fees in the sum of $5,000. The defendant alleged in his answer that the services rendered were not worth more than $150, and, further, that he delivered to the plaintiff property worth more than $500. The sum claimed

by Dr. Reguero is by all means excessive. If the plaintiff had de-manded from the beginning the payment of a reasonable amount, the refusal of the defendant to pay such amount would have had no justification or excuse. It cannot be said that Mr. Jiménez incurred in obstinacy when he refused to pay an amount exceeding the ordinary limits." 44 P.R.R. 763.

The last three cases cited follow the preceding ones. It will suffice if we refer to the first one of them, that is, *Otero & Núñez v. Sucrs. de M. Pérez, supra.* From the opinion of the court we transcribe what follows:

"The appellant also urges that, as the court reduced the amount of the damages claimed, the imposition of costs was not justified.

"We do not agree to that, either. It is a circumstance which might be considered by the court in exercising its discretion to impose the costs, as well as to determine the amount thereof, but we can not accept that the mere fact that the claim for damages is reduced should necessarily mean that no costs could be imposed.

"It is true that a party from whom an excessive amount is claimed is entitled to defend himself, but if that is his only defense, he should confine himself to pleading the same and admitting the corresponding liability. If he does this and the court adjudges him to be right, it is then clear that no costs could be imposed." 46 P.R.R. 12.

Hence, we are dealing with a discretional matter—from the date on which the statute was amended as to attorney's fees only. Acts No. 60 of 1936 and No. 94 of 1937, by virtue of which section 327 of the Code of Civil Procedure was amended. *Hance v. R. Méndez & Hermano,* 54 P.R.R. ____.

The attitude to be taken by this court largely depends on the one taken by the trial court, and in this case we did not think when we rendered judgment, nor do we now, that the lower court abused its discretion in imposing the costs without excluding the attorney's fees, which at that time meant including them, inasmuch as the case was decided on June 4, 1934, that is, before the statute was amended.

In fixing the costs in dollars and cents the trial court may even take into account the circumstance herein alleged. But such circumstance, after the same has been proved to exist,

does not require, as a matter of law, the exemption of costs, except under section 315 of the Code of Civil Procedure, 1933 ed.

The reconsideration prayed for is denied.